IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROI MAYER,** | **CIVIL NO. 1-CV-01-1762** |
| Plaintiff, | |
| vs. | **JUDGE SYLVIA H. RAMBO** |
| **LOUIS SEWELL,** *et al.*, | |
| Defendants. | |

## **MEMORANDUM AND ORDER**

The background of this order is as follows. Plaintiff, an inmate at SCI-Greene in Waynesburg, Pennsylvania, commenced this action on September 13, 2001. Following a jury trial, the jury returned a verdict for Defendants on August 2, 2005. On August 2, 2005, Plaintiff filed a Motion for Mistrial/New Trial (Doc. 272). Since that time both Plaintiff and Defendants have requested various enlargements of time in which to file their respective supplemental, opposition, and reply briefs, which the court has for the most part granted.

With respect to Plaintiff specifically, the court issued an Order on August 12, 2005 (Doc. 275) that denied Plaintiff's August 11, 2005 Motion to Extend Time to file a brief in support of Plaintiff's Motion for Mistrial/New Trial (Doc. 274). Plaintiff had requested more time in order to develop additional arguments regarding why a new trial should be granted. The court denied Plaintiff's request for a time extension as premature because the allotted time for filing a brief in support of Plaintiff's motion would not expire until August 22, 2005. The court also stated in the August 12, 2005 Order that if Plaintiff filed a new motion and comprehensive supporting brief containing all of Plaintiff's arguments by August 22,

2005, his first motion would be deemed to be withdrawn and the court would rule only on the all-inclusive motion.

However, Plaintiff subsequently sent a letter to the court, dated August 21, 2005 (Doc. 269), again requesting an extension. Plaintiff claimed that his transfer to SCI-Greene during that time resulted in mail delays that prevented him from timely learning of various documents filed in this case. Therefore, on August 31, 2005, the court granted Plaintiff an extension of time in which to file an amended motion and supporting all-inclusive brief (Doc. 281). Plaintiff filed a Motion for New Trial/Reconsideration of Judgment with brief in support on September 2, 2005 (Doc. 284).

Then, in a letter dated September 6, 2005 (Doc. 288) Plaintiff indicated that he had not received the court's August 12, 2005 order when he submitted his supporting brief and requested additional time in which to file a "supplemental" brief raising issues that he had not yet added to his Motion for Mistrial/New Trial. Plaintiff also sent a letter dated September 13, 2005 (Doc. 289) in which he asked the court to have the Clerk make copies of exhibits filed with his motion and again requested additional time in which to file a "supplemental" brief. On September 22, 2005, the court denied Plaintiff's requests to file supplemental briefs. (*See* Doc. 290.) The court also informed Plaintiff that the court is not responsible and has no duties to make copies of documents for Plaintiff.

Defendant Kelly Gallagher filed an opposition brief on September 20, 2005 (Doc. 287) and Defendants Louis Sewell, George Miko, Alfred Roxby, Joseph Olszyk, and William Bowden filed their opposition brief on October 3, 2005 (doc. 297). On October 17, 2005, Plaintiff requested an extension of time in which to file

his reply brief (Doc. 301) stating that some of his documents had been "confiscated" by prison officials. The court granted the extension in an Order dated October 19, 2005 (Doc. 302); however, Plaintiff's reply brief was filed on October 21, 2005 (Doc. 303), several days before the extended deadline of November 3, 2005.

Plaintiff also submitted a motion and brief to reinstate action (Doc. 291) and motion and brief for relief from judgment (Doc. 292) on September 28, 2005. By Order dated September 29, 2005 (Doc. 296) the court denied these motions and stated the following:

> Allegations concerning the competency of counsel is not a basis to overturn a verdict in a civil suit. Plaintiff's recourse is through a separate civil suit in a county court.
>
> Allegations of discovery abuse will not be entertained. The record of this case is replete with discovery issues all of which have been addressed and will not be reargued.
>
> Allegations that attorneys involved in this cases committed criminal offenses are more appropriately addressed by the criminal prosecutors at the state or federal level and not by this court.

(Doc. 296.)

Plaintiff has now submitted a Motion for Enlargement of Time to Respond to Court's Order of October 19, 2005 (Doc. 304). In this motion, Plaintiff again references the confiscation of documents, which were apparently inventoried then returned to him, requests the court to have the Clerk make copies of exhibits he filed with his original Motion for Mistrial/New Trial, and indicates that he wishes to make additional arguments, including arguments regarding conduct of attorneys involved in the case. Plaintiff also bases his request on the fact that he did not "receive a copy of this court's warning issued" in the August 12, 2005 Order.

The court has previously ruled on all of these issues, in most cases, more than once. The court will not continue to entertain duplicative motions and requests; any additional motions or requests regarding issues on which the court has already ruled will be deemed frivolous. Moreover, the court's October 19, 2005 Order may not be construed by Plaintiff as an invitation to submit an amended reply brief or opportunity to make a supplemental motion or to reargue issues that have already been disposed of.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's Motion for Enlargement of Time to Respond to the Court's Order of October 19, 2005 is **DENIED**; and

2) the Court will consider this matter ripe for disposition as of October 21, 2005, the date Plaintiff's reply brief (Doc. 303) was filed, and will issue an Order in due course.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: November 14, 2005.