IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROI MAYER,** | **CIVIL NO. 1-CV-01-1762** |
| **Plaintiff,** | |
| vs. | **JUDGE SYLVIA H. RAMBO** |
| **LOUIS SEWELL,** *et al.*, | |
| **Defendants.** | |

## **M E M O R A N D U M**

Before the court is Plaintiff's Motion for a Mistrial/New Trial or Eventual Reconsideration of Judgments of Decisions of the Court and Jury on 7/18/05 and 8/2/05 (Doc. 284). Plaintiff filed the motion, *pro se*, on August 23, 2005. The parties have briefed the issues and the matter is ripe for disposition. For the following reasons, the court will deny Plaintiff's motion.

**I.      Background**

The facts of this case are well-known to both parties. Thus, the court will not recite them here. Plaintiff, who is incarcerated at SCI-Greene in Waynesburg, Pennsylvania, commenced this action on September 13, 2001. Following a jury trial, the jury returned a verdict for Defendants on August 2, 2005. On August 2, 2005, Plaintiff filed a Motion for Mistrial/New Trial (Doc. 272). On August 11, 2005 Plaintiff requested an enlargement of time in which to file a brief in support of his motion in order to develop additional arguments for why a new trial should be granted. In an August 12, 2005 order (Doc. 275), the court denied

Plaintiff's request for an extension as premature because the allotted time for filing a brief in support of Plaintiff's motion would not expire until August 22, 2005. The court also indicated that if Plaintiff filed a new motion and comprehensive supporting brief containing all of his arguments by August 22, 2005, his first motion would be deemed to be withdrawn and the court would rule only on the all-inclusive motion. On August 31, 2005, the court granted an extension of time in which Plaintiff could file an amended motion and supporting all-inclusive brief (Doc. 281). Plaintiff subsequently filed the instant motion (Doc. 284) with supporting brief on September 2, 2005. Accordingly, the court will deem Plaintiff's first Motion for Mistrial/New Trial to be withdrawn and consider only the instant all-inclusive motion.

**II.        Legal Standard**
   **A.    Motion for New Trial**

A motion for a new trial is governed by Federal Rule of Civil Procedure 59. Under this rule, in the case of a jury trial, "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). In the Third Circuit, a new trial is warranted "when the verdict is against the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice." *Sandrow v. United States*, 832 F. Supp. 918, 918 (E.D. Pa. 1993) (citing *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735-36 (3d Cir. 1988)); *see also Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del.

2004) (noting that excessive damages or improper use of peremptory challenges to exclude potential jurors on the basis of race are other grounds for a new trial).

When a motion for a new trial is based on a prejudicial error of law, the court has broad discretion to order a new trial. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993). If, however, a motion for a new trial is premised on a verdict that is allegedly against the weight of the evidence, the court's discretion is more limited. *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). Under these circumstances, a new trial should only be granted when the verdict "cries out to be overturned or shocks the conscience." *Id*. Nonetheless, in reviewing a motion for a new trial, the court must draw all reasonable inferences in favor of the verdict winner. *Marino v. Ballestas*, 749 F.2d 162, 167 (3d Cir. 1984); *see also* 12 James Wm. Moore et al., Moore's Federal Practice § 59.13.

### B. Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[1] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following

---

[1] Plaintiff does not specify the Federal Rule of Civil Procedure his motion for reconsideration was brought under. When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). " 'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.' " *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 U.S. Dist. LEXIS 20813, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**III.        Discussion**

Plaintiff asks the court to reconsider his claims or grant a new trial for reasons primarily related to the alleged conduct of opposing counsel at trial, including the Attorney General's Office and the Law Offices of Alan Gold, as well as the conduct of Plaintiff's attorneys, Walter T. Grabowski and Barry H. Dyller. Plaintiff makes numerous factual allegations that can be summarized as claims of ethics violations and attorney misconduct, discovery violations, ineffective

assistance of counsel, and a denial of access to the courts. The court will address each argument in turn.

### A.   Ethics Violations and Attorney Misconduct

Plaintiff argues that all of the attorneys involved, including his own, violated professional ethics and conduct rules and requests that the court conduct an investigation into his allegations and refer the matter to the U.S. Attorney for formal proceedings. Specifically, Plaintiff alleges that Alan Gold lied about having a broken hip at some point during the proceedings and that attorneys in the Office of the Attorney General lied and allowed Defendants to lie under oath. In addition, Plaintiff alleges that his attorneys and Defendants' counsel set him up and made deals then forced him to drop Defendants Kelly Gallagher, Robert Smith, and John Flaherty from the litigation.

With respect to Plaintiff's request that the court investigate the allegations of attorney misconduct, the court's role is neither to conduct such investigations nor to interfere with the prosecutorial decisions of the U.S. Attorney. Moreover, the court has already disposed of Plaintiff's allegations as unsupported and meritless. Plaintiff acknowledges in his motion that he "told this court, over and over that the Attorney General was lying and even explained what he had been given and what he had not been given." (Pl.'s Mot. for Mistrial/New Trial at 8.) In addition, as the court noted in its Order of September 29, 2005 (Doc. 296), the court has already determined that Plaintiff made a knowing, willing, and counseled decision to drop Ms. Gallagher from the litigation. Plaintiff's decision to drop Defendants Smith and Flaherty from the litigation was similarly knowing, willing, and counseled. Therefore, Plaintiff's allegations of ethics violations and attorney

5

misconduct fail to provide a basis for the court to grant a new trial or amend its judgment.

### B.   Discovery Violations

Plaintiff makes numerous references to alleged discovery violations by the Law Offices of Alan Gold on behalf of Defendant Kelly Gallagher, as well as the Attorney General's Office's failure to provide certain documents.  None of these arguments present any new evidence or otherwise suggest any grounds for granting a new trial or amending the judgment.  As the court stated in its September 29, 2005 Order, the record of this case is replete with discovery issues, all of which have been addressed.  Accordingly, Plaintiff's allegations of discovery violations also fail to provide a basis for the court to grant a new trial or amend its judgment.

### C.   Ineffective Assistance of Counsel

Plaintiff also lists a litany of allegations regarding the conduct of his attorneys, Mr. Grabowski and Mr. Dyller, including their failure to adequately represent him, prepare, investigate, pursue various strategies Plaintiff advocated or call witnesses suggested by Plaintiff, and to object at various times during trial.  These allegations essentially amount to an ineffective assistance of counsel claim, which is not a basis to overturn a verdict in a civil suit.  *See Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 381-82 (3d Cir. 2003) ("there is no right of effective assistance of counsel in a civil case") (quoting *Friedman v. Arizona*, 912 F.2d 328, 333 (9th Cir. 1990)).  Plaintiff's recourse with respect to such claims is through a separate suit in state court.

### D. Denial of Access to the Court

Finally, Plaintiff argues that many of the above violations constituted a denial of his access to the courts because they prevented him from fully developing his claims. In addition, Plaintiff also claims that prison guards intentionally destroyed his legal materials and continue to interfere with his ability to perfect his appeal. The court has previously disposed of Plaintiff's arguments as they related to claims of discovery violations. The court also previously considered Plaintiff's arguments regarding destruction of his legal materials and found them to be without merit. Moreover, as a general matter, the record, which includes over three hundred docket entries, provides ample evidence of Plaintiff's access to the court. Therefore, Plaintiff's allegations of denial of access to the court fail to provide a basis for the court to grant a new trial or amend the judgment.

In sum, Plaintiff fails to identify any errors at trial, *see Sandrow*, 832 F. Supp. at 918, or errors or law, *see Klein*, 992 F.2d at 1289-90, or adduce any newly discovered evidence or changes in the controlling law, *see Max's Seafoood Café*, 176 F.3d at 677, that would warrant a new trial or reconsideration of the judgment. Plaintiff's allegations amount to nothing more than an attempt to reargue matters already argued and disposed of. *See Ogden*, 226 F. Supp. 2d at 606. Therefore, the court will deny Plaintiff's motion.

**IV.**     **Conclusion**

       For the foregoing reasons, the court will deny Plaintiff's Motion for a Mistrial/New Trial or Eventual Reconsideration of Judgments of Decisions of the Court and Jury on 7/18/05 and 8/2/05.  An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated:  November 28, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROI MAYER,** | **CIVIL NO. 1-CV-01-1762** |
| Plaintiff, | |
| vs. | **JUDGE SYLVIA H. RAMBO** |
| **LOUIS SEWELL,** *et al.*, | |
| Defendants. | |

## O R D E R

In accordance with the court's accompanying Memorandum of Law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's Motion for Mistrial/New Trial and Permission to Amend (Doc. 272) is deemed **WITHDRAWN**; and

2) Plaintiff's Motion for Mistrial/New Trial or Eventual Reconsideration of Judgments of Decisions of the Court and Jury on 7/18/05 and 8/2/05 (Doc. 284) is **DENIED**.

                                                              s/Sylvia H. Rambo
                                                              SYLVIA H. RAMBO
                                                              United States District Judge

Dated:  November 28, 2005.