IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROI MAYER,** | **CIVIL NO. 1-CV-01-1762** |
| Plaintiff, | |
| vs. | **JUDGE SYLVIA H. RAMBO** |
| **LOUIS SEWELL**, *et al.*, | |
| Defendants. | |

## **M E M O R A N D U M**

Before the court is Plaintiff's Motion to Alter, Amend and Vacate Post-Judgment Orders and Reconsideration of Relief from Judgment as a Matter of Law (Doc. 310). For the following reasons, the court will deny the motion.

**I.    Background**

The facts of this case are well-known to the parties. Thus, the court will not recite them here. Plaintiff, who is incarcerated at SCI-Greene in Waynesburg, Pennsylvania, commenced this action on September 13, 2001. Following a jury trial, the jury returned a verdict for Defendants on August 2, 2005. On November 28, 2005 the court denied Plaintiff's motion for new trial/mistrial or reconsideration (Doc. 284).[1] Plaintiff now asks the court to reconsider its November 28, 2005 ruling.

---

[1] The details concerning the filing of Plaintiff's motion for new trial are set forth in the court's November 28, 2005 Memorandum (Doc. 306).

## II. Legal Standard - Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[2] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). " 'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.' " *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally,

---

[2] When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III.       Discussion

Plaintiff fails to present any new arguments to support his request for reconsideration. Plaintiff's motion includes no intervening change in controlling law, no new evidence, and no clear errors of law or fact. *See Max's Seafood Café*, 176 F.3d at 677. Plaintiff once again makes the same arguments that he has repeatedly made throughout his litigation and in his post-trial motion and simply disputes the court's disposition of those arguments. In sum, Plaintiff, again, seeks to "reargue matters already argued and disposed of" and "attempt[s] to relitigate a point of disagreement between the Court and [Plaintiff]." *See Ogden*, 226 F. Supp. 2d at 606. The court acknowledges that Plaintiff disputes this conclusion in his motion for reconsideration; however, the court has made its decision, in many cases more than once. Any additional attempts to reinstate these issues will be deemed frivolous and not taken in good faith.

### IV.       Conclusion

For the foregoing reasons, the court will deny Plaintiff's motion for reconsideration. An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: December 21, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROI MAYER,** | **CIVIL NO. 1-CV-01-1762** |
| Plaintiff, | |
| vs. | **JUDGE SYLVIA H. RAMBO** |
| **LOUIS SEWELL,** *et al.*, | |
| Defendants. | |

## O R D E R

In accordance with the accompanying memorandum of law,

**IT IS HEREBY ORDERED THAT**

      1. Plaintiff's Motion to Alter, Amend and Vacate Post-Judgment Orders and Reconsideration of Relief from Judgment as a Matter of Law (Doc. 310) is **DENIED**.

      2. Any further motions for reconsideration will be deemed frivolous and not taken in good faith.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: December 21, 2005.